Hes v Zirkin (2026 NY Slip Op 00615)

Hes v Zirkin

2026 NY Slip Op 00615

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 155457/22|Appeal No. 5780|Case No. 2024-06443|

[*1]Joey Hes, Plaintiff-Appellant,
vAdam Zirkin, Defendant, Samantha Zirkin, Defendant-Respondent.

The Engel Law Group, PLLC, New York (Adam E. Engel of counsel) for appellant.
Leino Law, New York (Robert G. Leino of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about September 12, 2024, which, to the extent appealed from as limited by the briefs, granted defendant Samantha Zirkin's motion to dismiss plaintiff's claim of malicious prosecution, unanimously affirmed, with costs.
Plaintiff commenced this action in 2022 which, as amended, alleged causes of action against defendant for: (i) false arrest, (ii) intentional infliction of emotional distress, (iii) defamation, and (iv) malicious prosecution. By order dated August 11, 2023, the motion court granted defendant Adam Zirkin's motion to dismiss the complaint in full. As to the malicious prosecution claim, the court found that plaintiff did not allege with particularity the basis by which the criminal court dismissed the charges against her and therefore failed sufficiently to allege that the criminal proceedings were terminated in her favor. The court also found that plaintiff's pleadings did not establish the element of actual malice. Plaintiff then served a second amended complaint pleading the same causes of action.
The doctrine of law of the case may be applied where an issue before the court was necessarily decided by a prior order of the same court and Justice (see Matter of Pettus v Board of Directors, 169 AD3d 524, 525 [1st Dept 2019], appeal dismissed, 33 NY3d 1047 [2019]; see also Real World Holdings, LLC v 393 W. Broadway, 236 AD3d 447, 447 [1st Dept 2025]). Here, in the prior order the motion court expressly found that plaintiff's allegations did not sufficiently state that the criminal prosecution against her, allegedly instigated by defendants, was terminated in her favor, which is a required element of a claim for malicious prosecution (see Smith-Hunter v Harvey, 95 NY2d 191, 195 [2000]). While plaintiff appealed the prior order, she never perfected the appeal and is thus bound by the motion court's finding that the malicious prosecution claim inadequately pled the required element that the criminal proceedings terminated favorably in her favor.
In view of the foregoing, it is unnecessary for this Court to consider whether plaintiff satisfied the other pleading elements of her malicious prosecution claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026